Jasmeer **SINGH–TOOR**, Petitioner,

v.

John **ASHCROFT**, Attorney
General, Respondent.

Nos. 04–73661, 05–70248.

United States Court of Appeals,
Ninth Circuit.

Submitted Nov. 15, 2006.*

Submission Deferred Dec. 12, 2006.

Resubmitted May 3, 2007.

Filed May 4, 2007.

Martin Resendez Guajardo, Esq., Law Office of Martin Resendez Guajardo, A Professional Corporation, San Francisco, CA, for Petitioner.

Ronald E. LeFevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Kristin A. Cabral, Esq., Jeffrey J. Bernstein, Esq., DOJ, U.S. Department of Justice, Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See*   Fed. R.App. P. 34(a)(2).

Before: KLEINFELD and THOMAS, Circuit Judges, and LEIGHTON,** District Judge.

## MEMORANDUM ***

Jasmeer Singh Toor, a native and citizen of India, seeks review of the Immigration Judge's ("IJ") denial of his motion to reopen the deportation proceedings and the BIA's denial of his motion for reconsideration. The IJ denied Toor's motion to reopen because the motion was untimely and tolling was inappropriate. The BIA affirmed the IJ's decision without opinion. The BIA also denied Toor's untimely motion to reconsider. We have jurisdiction under 8 U.S.C. § 1105(a), and we deny the petition.****

We review the denial of a motion to reopen and the denial of a motion to reconsider for abuse of discretion. *See Watkins v. INS*, 63 F.3d 844, 847 (9th Cir.1995); *see Cano–Merida v. INS*, 311 F.3d 960, 964 (9th Cir.2002). Because the BIA affirmed the IJ's decision without opinion, the IJ's opinion is reviewed as if it were the BIA's opinion. *See Singh–Kaur v. INS*, 183 F.3d 1147, 1150 (9th Cir.1999).

### A. Regulation Violation

Absent overriding justification, an alien must exhaust his administrative remedies prior to seeking review of a deportation order. In our discretion, however, we may consider an issue not raised below if the issue is purely one of law, does not affect or rely upon the factual record developed by the parties, and will not prejudice the party against whom it is raised. *Janes v. Wal–Mart Stores, Inc.*, 279 F.3d 883, 888 n. 4 (9th Cir.2002).

■ We decline to exercise our discretion to hear Toor's argument that the IJ violated 8 C.F.R. § 208.3(c)(1) because he waited seven years to appeal his deportation and still did not raise this issue, prejudicing the Government's interest in an efficient deportation system. Because Toor concedes he did not raise this issue before the BIA, we lack jurisdiction to hear his argument.

### B. Equitable Tolling

To establish equitable tolling on the 180–day limitation period for a motion to reopen, the party invoking tolling must show that his or her ignorance of the limitations period was caused by circumstances beyond the party's control, and that these circumstances go beyond a "garden variety claim of excusable neglect." *See Socop–Gonzalez v. INS*, 272 F.3d 1176, 1193 (9th Cir.2001) (citations omitted).

■ We find the IJ did not abuse his discretion by refusing to toll the 180–day statutory deadline because there is no evidence of deception, fraud, or error and Toor's ignorance of the limitation period was not caused by circumstances beyond his control. Toor simply failed to act diligently by waiting nearly seven years to file a motion to reopen.

### C. Motion to Reconsider

■ A motion to reconsider must be filed with the BIA within 30 days after the

** The Honorable Ronald B. Leighton, United States District Judge for the Western District of Washington, sitting by designation.

*** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

**** Because the parties are familiar with the facts, we do not recite them here.

BIA mails its decision or on or before July 31, 1996, whichever is later. 8 C.F.R. § 1003.2(b)(2). Toor filed his motion to reconsider over 100 days past the statutory deadline. We find the BIA did not abuse its discretion by denying Toor's motion to reconsider as untimely because there is no legitimate reason for tolling the limitation period.

The petition for review is DENIED.